UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES GAVERT, by and through his successor in interest, GERALDINE GAVERT; GERALDINE GAVERT, an individual; RHONDA GAVERT, an individual; and RACHELLE GAVERT GRAHAM, an individual,**<br><br>**Plaintiffs**<br><br>v.<br><br>**CF MODESTO, LLC dba MODESTO POST ACUTE CENTER, a California limited liability company; MICHAEL LEE BRODIE, M.D., an individual; ANDREH SARALOU, M.D., an individual; and DOES 1-25, inclusive,**<br><br>**Defendants** | **CASE NO. 1:21-CV-01719 AWI SKO**<br><br>**ORDER ON PLAINTIFFS' MOTION TO REMAND AND DEFENDANT'S MOTIONS TO DISMISS AND TO COMPEL BINDING ARBITRATION**<br><br>(Doc. No. 4, 6, 8) |

This removed case stems from the death of decedent James Gavert following his residency at a nursing facility run by Defendant CF Modesto, LLC, dba Modesto Post Acute Center ("CF Modesto"). Currently before the Court are three motions: (1) Plaintiffs James Gavert, by and through his successor in interest, Geraldine Gavert, Rhonda Gavert, and Rachelle Gavert Graham's (collectively, "Plaintiffs") Motion to Remand to the Stanislaus County Superior Court; (2) CF Modesto's Motion to Dismiss; and (3) CF Modesto's Motion to Compel Binding Arbitration. For the reasons that follow, Plaintiffs' Motion to Remand will be granted and CF Modesto's Motion to Dismiss and Motion to Compel Binding Arbitration will be denied.[1]

---

[1] CF Modesto's Opposition to Plaintiffs' Motion to Remand also submitted the following request: "If the Court is so inclined to grant Plaintiff's Motion for Remand, Defendant respectfully requests the Court issue a temporary stay on remand pursuant to Fed. R. Civ. P 62(a) to allow Defendant its right to appeal. Defendant's removal is based in part on 28 U.S.C. § 1442(a)(1), federal officer jurisdiction such than any action removed pursuant to § 1442(a)(1) is reviewable by appeal." The Court denies this request for a temporary stay because CF Modesto has not demonstrated that the circumstances justify a stay in this case. See Burton v. Silverado Escondido, LLC, 2021 U.S. Dist. LEXIS

1. **FACTUAL BACKGROUND**

From the Complaint, James Gavert was admitted to CF Modesto for post-surgery rehabilitation on January 21, 2021 after he had undergone posterior decompressive laminectomy surgery at Dameron Hospital Association ("Dameron") in Stockton, California on January 13, 2021. Unfortunately, Mr. Gavert's condition worsened, and on February 12, 2021, he was readmitted to Dameron for further evaluation and treatment.  On February 24, 2021, Mr. Gavert underwent surgery for lumbar and sacral pressure ulcers, but later passed away on March 22, 2021. Mr. Gavert's death certificate lists the cause of death as "congestive heart failure, coronary artery disease, COVID 19."

On October 21, 2021, Plaintiffs filed their Complaint in the Stanislaus County Superior Court alleging state law claims against CF Modesto, Dr. Michael Lee Brodie, and Dr. Andreh Saralou. Plaintiffs' theories are grounded in the allegation that Defendants violated their obligations and duties under California law while providing care to Mr. Gavert.[2]

On December 3, 2021, CF Modesto removed the matter to this Court on the basis of federal question and federal officer jurisdiction.  CF Modesto allegedly removed the matter without the consent of co-defendant Dr. Michael Lee Brodie, who was served on October 29, 2021 and whose proof of service was filed with the state court on November 18, 2021. On December 10, 2021, CF Modesto filed a Motion to Dismiss and a Motion to Compel Binding Arbitration. On December 23, 2021, Plaintiffs filed a Motion to Remand to the Superior Court of California, County of Stanislaus.

2. **REMAND FRAMEWORK**

A district court has "a duty to establish subject matter jurisdiction over the removed action

---

211717, *23-24 (S.D. Cal. Nov. 2, 2021) (concluding that defendant failed to demonstrate that "the circumstances justify a stay in this case" and therefore declining to stay the remand order under Fed. R. Civ. P. 62(a) so Defendant could appeal the court's denial of 28 U.S.C. § 1442 federal officer jurisdiction); Carrillo v. Sela Healthcare, 2021 U.S. Dist. LEXIS 194425, *13-14 (C.D. Cal. Sep. 8, 2021) (denying Defendant's request to temporarily stay the remand under Fed. R. Civ. P. 62(a) so Defendant could appeal the court's denial of 28 U.S.C. § 1442 federal officer jurisdiction.); Thomas v. Century Villa Inc., 2021 U.S. Dist. LEXIS 110094, *17 (C.D. Cal. June 10, 2021) (same); Smith v. Colonial Care Ctr. Inc., 2021 U.S. Dist. LEXIS 53554, *23-24 (C.D. Cal. Mar. 19, 2021) (same).

[2] The Complaint alleges loss of consortium, wrongful death, survival, elder abuse & neglect, negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, and tort per se claims against all Defendants; violation of resident rights, negligent hiring, supervision, and retention, fraud, and concealment claims against CF Modesto; and medical malpractice against Dr. Brodie and Dr. Saralou.

*sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). Removal statutes generally are strictly construed against removal jurisdiction. Nevada v. Bank of Am. Corp., 672 F.3d 661, 667 (9th Cir. 2012); Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Geographic Expeditions, 599 F.3d at 1106-07; Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." Hunter, 582 F.3d at 1042; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." Geographic Expeditions, 599 F.3d at 1107; Gaus, 980 F.2d at 566. "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); Demartini v. Demartini, 964 F.3d 813, 818 (9th Cir. 2020). "Section 1447(c) remands are mandatory because once it appears that the district court lacks subject matter jurisdiction the court must remand." Demartini, 964 F.3d at 819; Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir. 1997) ("Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary.").

### 3. **PLAINTIFFS' MOTION**

*Plaintiffs' Arguments*

Plaintiffs present several arguments as to why there is no federal jurisdiction and remand to state court is mandatory. First, Plaintiffs argue that CF Modesto committed a procedural error by failing to join co-defendant Dr. Brodi in its removal. Second, Plaintiffs contend that, despite CF Modesto's invocation of the PREP Act,[3] only state law claims are alleged and there are no important issues relating to COVID-19 or substantial federal questions at issue. Third, Plaintiffs argue that the PREP Act does not meet the criteria for "complete preemption" and, therefore, CF

---

[3] The PREP Act authorizes the Secretary of Health and Human Services ("HHS") to issue a declaration determining that a "disease or other health condition or other threat to health constitutes a public health emergency." 42 U.S.C. § 247d-6d(b). If applicable, the PREP Act provides immunity from liability for "all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure." 42 U.S.C. § 247d-6d(a)(1).

3

Modesto's invocation of the PREP Act cannot justify removal. Finally, Plaintiffs argue that there is no "federal officer jurisdiction" under 28 U.S.C. § 1442(a)(1) because CF Modesto was not acting under the direction of a federal officer but was instead merely acting in accordance with federal CDC guidelines. Plaintiffs also request sanctions pursuant to 28 U.S.C. § 1447(c) and Fed. R. Civ. Pro. 11 against CF Modesto and its counsel in the amount of $9,700.

*Defendant's Opposition*

CF Modesto argues that federal question jurisdiction exists and that Plaintiffs' request for sanctions should be denied because CF Modesto has an objectively reasonable basis for seeking removal. First, CF Modesto claims that co-defendant Dr. Brodie's lack of consent to removal is not a ground for remand because Dr. Brodie's consent was not necessary. Second, CF Modesto argues that Plaintiffs' claims fall within the PREP Act and present a substantial federal question relating to covered COVID-19 countermeasures under the PREP Act. Third, CF Modesto contends that the PREP Act is a complete preemption statute that provides the Court with subject matter jurisdiction. Finally, CF Modesto claims that federal officer jurisdiction exists because it acted under the direction of the federal government in carrying out COVID-19 countermeasures and in caring for Mr. Gavert.

*Legal Standards*

Federal courts have "original jurisdiction of all civil actions arising under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Rainero v. Archon Corp., 844 F.3d 832, 837 (9th Cir. 2016); California v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000). Under the "well-pleaded complaint" rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." California, 215 F.3d at 1014. Accordingly, "a case may not be removed on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the

4

only question truly at issue." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); City of Oakland v. BP PLC, 969 F.3d 895, 904 (9th Cir. 2020); see also Vaden v. Discover Bank, 129 S. Ct. 1262, 1278 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law.").

Most directly and often, jurisdiction under § 1331 attaches when federal law creates the cause of action asserted. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Manning, 136 S.Ct. 1562, 1569 (2016); Hornish v. King Cty., 899 F.3d 680, 687 (9th Cir. 2018). However, § 1331 can confer jurisdiction over a small category of state law claims where the state law claim "'necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state power.'" Merrill Lynch, 136 S.Ct. at 1570 (quoting Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 315-16 (2005)); Hornish, 899 F.3d at 687-88. "That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, 568 U.S. 251, 258 (2013); Hornish, 899 F.3d at 688.

Additionally, while the defense of federal preemption is insufficient to confer federal question jurisdiction, Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1185 (9th Cir. 2002), the doctrine of "complete preemption" does confer jurisdiction. See Caterpillar, 482 U.S. at 392; Garcia v. SEIU, 993 F.3d 757, 762 (9th Cir. 2021). Complete pre-emption is rare and has the effect of recharacterizing a state law claim into a federal law claim. Hansen v. Group Health Coop., 902 F.3d 1051, 1057-58 (9th Cir. 2018). "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Caterpillar, 482 U.S. at 392; Garcia, 993 F.3d at 762. Complete preemption for purposes of § 1331 exists when Congress (1) intended to displace a state-law cause of action, and (2) provided a substitute cause of action. City of Oakland, 969 F.3d at 906; Hansen, 902 F.3d at 1057.

Apart from § 1331, 28 U.S.C. § 1442 permits a defendant to remove a civil action to

federal court if the civil action is against *inter alia* "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . . ." 28 U.S.C. § 1442(a)(1); Goncalves v. Rady Children's Hosp. San Diego, 865 F.3d 1237, 1243 (9th Cir. 2017). To invoke removal federal officer jurisdiction under § 1442(a)(1), a defendant must demonstrate that: (1) it is a 'person' within the meaning of the statute; (2) there is a causal nexus between its actions and the plaintiff's claims, (3) the actions were taken pursuant to a federal officer's directions, and (4) it can assert a colorable federal defense. See Riggs v. Airbus Helicopters, Inc., 939 F.3d 981, 985 (9th Cir. 2019); Fideltad, Inc. v. Insitu, Inc., 904 F.3d 1095, 1099 (9th Cir. 2018). Simply complying with the law, even if the law is highly detailed and the defendant is "highly regulated," is not conduct taken under a federal officer's direction and thus, is insufficient to confer jurisdiction. Riggs, 939 F.3d at 985; Goncalves, 865 F.3d at 1245. A private party acts under a federal officer if the party is involved in an effort to assist, or to help carry out, the duties or tasks of the federal superior; the relationship typically involves subjection, guidance, or control. Fideltad, 904 F.3d at 1099; Goncalves, 865 F.3d at 1245. Although jurisdiction under § 1442(a)(1) is not limitless, the statute is construed liberally and with a policy favoring removal. Fideltad, 904 F.3d at 1099; Goncalves, 865 F.3d at 1244.

*Discussion*

Notwithstanding the breadth of coverage in CF Modesto's briefing, the Court concludes that there is no basis for federal jurisdiction and remand is mandatory.

First, as this Court has previously noted, "courts within the Ninth Circuit routinely hold that nursing homes implementing CDC regulations relating to Covid 19 are merely complying with regulations or following the law, they are not acting pursuant to a federal officer's direction for purposes of § 1442." Martinez v. Spruce Holdings, LLC, 2021 U.S. Dist. LEXIS 165231, at *8 (E.D. Cal. Aug. 31, 2021) (collecting cases). These lower court holdings have now culminated with the agreement of the Ninth Circuit in *Saldana v. Glenhaven Healthcare*, a case with striking similarities to the case before the Court. Saldana v. Glenhaven Healthcare LLC, __ F.4th __, 2022 U.S. App. LEXIS 4631, at *11-12 (9th Cir. 2022). In *Saldana*, the Ninth Circuit found that the

agency communications that the defendant had relied on, and which are the same/similar communications identified by CF Modesto, were "nothing more than regulations and recommendations for nursing homes, covering topics such as COVID-19 testing, use and distribution of personal protective equipment, and best practices to reduce transmission within congregate living environments." Id. at *9. Based on these findings, the Ninth Circuit ruled that "[w]ithout more than government regulations and recommendations, [defendant] has failed to establish that it was 'acting under' a federal official, and it has not identified a duty of the federal government that it performed." Id. at *10. The Ninth Circuit also ruled that the defendant's "status as a critical infrastructure entity" did not establish that it "acted under a federal officer or agency, or that it carried out a government duty." Id. at *11. Here, as in *Saldana*, the Court finds that CF Modesto's attempted removal under § 1442(a)(1) is ineffective because all that CF Modesto has demonstrated is that it "operated as a private entity subject to government regulations, and that during the COVID-19 pandemic it received additional regulations and recommendations from federal agencies." Id.

Second, although CF Modesto highlights two cases Garcia v. Welltower OpCo Grp. LLC, 522 F. Supp. 3d 734 (C.D. Cal. 2021) and Rachal v. Natchitoches Nursing & Rehab. Ctr. LLC, 2021 U.S. Dist. LEXIS 105847 (W.D. La. Apr. 30, 2021) as courts that have held the PREP Act is broad enough to support the complete preemption doctrine, "the dozens of other courts to have addressed the issue have found that the PREP Act is not a complete preemption statute." Martinez, 2021 U.S. Dist. LEXIS 165231, at *8 (collecting cases). The majority of courts generally hold that the PREP Act does not meet the Ninth Circuit test for preemption because the PREP Act does not completely replace state law claims like Plaintiffs' related to Covid 19, nor does the PREP Act provide a substitute cause of action to Plaintiffs' claims. Id. More importantly, however, the Ninth Circuit has now definitively held that "the PREP Act is not a complete preemption statute." Saldana, 2022 U.S. App. LEXIS 4631, at *17. Accordingly, the Court must reject CF Modesto's contention that the PREP Act satisfies the complete preemption analysis. See id. at *15-18.

Third, this Court previously found in *Martinez* that when a plaintiff brings claims such as those brought by Plaintiffs, "no substantial question of federal law is presented." Martinez, 2021

7

1  U.S. Dist. LEXIS 165231, at *9 (collecting cases). Again, the Ninth Circuit in *Saldana* accepted this view in holding that claims under California law regarding elder abuse, willful misconduct, negligence, and wrongful death did "not raise questions of federal law on the face of the complaint," and defendant's attempt to raise a federal defense under the PREP Act was "not a sufficient basis to find embedded federal question jurisdiction." Saldana, 2022 U.S. App. LEXIS 4631, at *18.  Here, because Plaintiffs' state law claims do not raise a substantial federal question under the PREP Act or any other federal statute, there is no substantial federal question jurisdiction under *Manning*, *Gunn*, or *Grable*.  See id. at *18-19; Martinez, 2021 U.S. Dist. LEXIS 165231, at *10.

In light of the above, CF Modesto has failed to demonstrate that this Court has federal subject matter jurisdiction through operation of either § 1331 or § 1442(a)(1), and this Court is under a mandatory duty to remand.  28 U.S.C. § 1447(c); Demartini, 964 F.3d at 810; Bruns, 122 F.3d at 1257.  The overwhelming weight of authority is against CF Modesto, including a dispositive opinion by the Ninth Circuit, and if there remains any lingering doubt, the strong presumption against removal jurisdiction calls for remand to state court.  See Geographic Expeditions, 599 F.3d at 1107. Therefore, the Court will grant Plaintiffs' Motion to Remand.

Additionally, with the remand of this case, the Court will administratively deny CF Modesto's Motion to Dismiss and Motion to Compel Binding Arbitration without prejudice to reasserting its arguments in the state court. The Court also will not decide whether CF Modesto's removal without the consent of co-defendant Dr. Brodie was procedurally improper, as this issue is now moot. Finally, the Court will deny Plaintiffs' request for sanctions because the Ninth Circuit's *Saldana* decision was issued after CF Modesto filed for removal.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion to Remand (Doc. No. 8) is GRANTED;
2. This matter is REMANDED forthwith to the Stanislaus County Superior Court;
3. CF Modesto's Motion to Dismiss (Doc. No. 4) is DENIED without prejudice; and

4.  CF Modesto's Motion to Compel Binding Arbitration (Doc. No. 6) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: March 8, 2022                           /s/
         SENIOR DISTRICT JUDGE

9